BURLINGTON & MISSOURI RIVER RAILROAD COMPANY IN NEBRASKA v. MICHAEL KITTRIDGE.

FILED JUNE 15, 1897. No. 7375.

1. Carriers: CONTRACT OF SHIPMENT: DAMAGES: EVIDENCE. Evidence examined, and *held* to warrant the finding that the contract of shipment sued on was executed by authority of the defendant, a railroad company.

2. New Trial: NEWLY-DISCOVERED EVIDENCE. It is not error to refuse a new trial upon the motion of the defendant, a railroad company, alleging newly-discovered evidence material to the issues, where the facts disclosed by affidavits accompanying such motion are within the knowledge of the defendant's servants who testified in its behalf on the trial.

ERROR from the district court of Greeley county. Tried below before KENDALL, J.  *Affirmed.*

*A. W. Agee, J. W. Deweese,* and *J. R. Hanna,* for plaintiff in error.

*T. J. Doyle, contra.*

POST, C. J.

This was an action by the defendant in error, Michael Kittridge, against the plaintiff in error, the Burlington & Missouri River Railroad Company, in the district court for Greeley county, in which the plaintiff therein recovered judgment, and the defendant prosecutes error.

It is, by the petition, alleged that the defendant therein, hereafter called the "railroad company," is engaged in the operation of a line of road between Byron and Greeley, in this state; that as a common carrier for hire it received from the plaintiff, and undertook to safely transport from the first named station to Greeley, a car containing certain household goods, farm machinery, eight horses, and fifty-four hogs; that the defendant did not safely transport said car as by its contract it had undertaken to do, but that it was, on the contrary, guilty of negligence, particularly alleged, whereby twenty-eight of the hogs above mentioned were killed, to the plaintiff's damage in the sum of $506.40. The railroad company answered denying that it is, or was at the time in question, engaged in the operation of a line of road between Byron and Greeley; and alleging that whatever shipment of goods and chattels was made by the plaintiff was over and by way of a line of road owned and operated by the Chicago, Burlington & Quincy Railroad Company. There was also a denial of the alleged negligent acts, accompanied by the charge that the plaintiff's loss, if any, was occasioned by his own negligence and misconduct, without any fault whatever of the last named company. The

6

bill of lading introduced in evidence, so far as material to the questions at issue, reads as follows:

"This contract, made and entered into this 21st day of Mch., 1893, between M. Kittridge, of Byron, Neb., of the first part, and the Burlington & Missouri Railroad in Nebraska, of the second part, witnesseth, that for and in consideration of $38 per car, subject to minimum weights as shown in published tariffs, the said railroad company agrees to transport one car loaded with em'gr't & stk from Byron, Neb., to Greeley, Neb. * * * Witness the name of the railroad company, by the agent, and the hand of the first party, the day and year above written.

"THE BURLINGTON & MISSOURI RIVER RAILROAD.

"By J. E. HINES, *Agent.*

"M. KITTRIDGE, *Shipper.*"

The first contention at this time is that there was no competent proof of the authority of Hines, the station agent, to execute the contract of shipment in behalf of the defendant company, and that the trial court accordingly erred in receiving that instrument in evidence. That contention is, we think, without merit. True, the Burlington & Missouri River Railroad Company is, as shown by witnesses for the defendant, a division only of the system of roads owned and operated by the Chicago, Burlington & Quincy Railroad Company. It is, however, conceded that Byron & Greeley are stations on the line of the first named company, and that the property above described was transported over said line. The blank form used in the execution of the contract above set out was one furnished the station agent for that purpose by the managing officers of the Chicago, Burlington & Quincy Railroad Company, and a duplicate of said contract was, upon the execution thereof, forwarded by the agent at Byron to the auditor of the last named company at Omaha. It appears also that a "bad order report" was a few days thereafter forwarded to said agent, showing the condition of the car mentioned when received at Greeley. The evidence furnishes a sufficient foundation

for the introduction of the contract, and is, moreover, quite sufficient to warrant the finding that said contract was executed by authority of the defendant company.

It is next argued that the proof fails to support the allegation of negligence on the part of the railroad company; also that the hogs in question were killed by the falling of a deck negligently constructed by the plaintiff in the loading of the car. The deck here referred to was about twenty-seven inches from the bottom of the car, and supported the farm machinery and household goods, which, on the collapsing of said deck, fell upon the hogs, with the result stated. The charge of negligence in the loading of the car was denied by the plaintiff, who testified, in effect, that the injury sued for was caused by the negligent and unnecessary jolting and shaking of said car by the servants of the railroad company engaged in switching and coupling the same, and without fault or negligence on his part. The evidence bearing upon that issue is fairly indicated by the foregoing statement, and does not call for comment in this connection. It is sufficient that it may, when tested by the rules applicable to proceedings for review by petition in error, be said to support the finding adverse to the railroad company.

Exception was taken to the giving of certain instructions and to the refusal of others. By those given the jury were, in effect, advised that the plaintiff was required to prove affirmatively the acts of negligence alleged; also that he was required to exercise reasonable care in loading the car, and that he could not recover provided his negligence in that particular caused or contributed to the loss for which he claims, which propositions included the substance of those refused, so far as applicable to the issues presented. There was, accordingly, no error in the giving and refusing of instructions prejudicial to the rights of the defendant company.

Finally, it is argued that a new trial should have been allowed upon the defendant's motion on account of newly-discovered evidence material to the issues; but, unfortu-

nately for that contention, the facts disclosed by the affidavits accompanying the motion were of necessity within the knowledge of defendant's servants who were called as witnesses, and should, in the exercise of reasonable diligence, have been discovered before the trial. There is in the record no error of which the defendant company can complain, and the judgment is accordingly

AFFIRMED.